**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARVIN TILLMAN, Petitioner, v. JOHN T. SHARTLE, Respondent. | Civil Action No. 12-5377 (RBK) **OPINION** |

Petitioner Marvin Tillman ("Petitioner"), a federal inmate confined at F.C.I. Fairton, submitted for filing a habeas petition ("Petition"). See Docket Entry No. 1. The Petition arrived unaccompanied by Petitioner's filing fee or by his in forma pauperis application. See id. Moreover, neither the Petition nor the memorandum accompanying it designated the jurisdictional basis underlying Petitioner's application. See Docket Entries Nos. 1 and 1-1. However, both the Petition and the accompanying memorandum unambiguously indicated that Petitioner wished to challenge the propriety of conviction underlying his current federal term and/or the federal sentence imposed in connection with that conviction. See id. Petitioner did not state in which court his federal prosecution took place and/or which judge presided over Petitioner's federal criminal prosecution and imposed the challenged sentence. See, generally, id.

**A. Construction as a Section 2241 Application**

Being understandably confused by the nature of Petitioner's application at bar, the Clerk docketed the Petition designating it as a Section 2241 habeas application. However, construed as a § 2241 application, the Petition is subject to dismissal.

**1. Dismissal Without Prejudice for Lack of Filing Fee**

For the purposes of the statute of limitations inquiry, "a pro se prisoner's habeas petition is deemed 'filed' at the moment he delivers it to prison officials for mailing to the district court." Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)); see also McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996). However, the issue of the limitations period aside,

> [a]n application is "filed," as that term is commonly understood, when it is delivered to, and accepted by the appropriate court officer for placement into the official record. [Moreover, an] application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe . . . the form of the document, . . . the court and office in which it must be lodged, and the requisite filing fee.

Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (citations and footnote omitted).

Section 1914 provides that "[t]he [C]lerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee of $ 350 except that on application for a writ of habeas corpus the

filing fee shall be $ 5." 42 U.S.C. § 1914(a).[1] A related statute, Section 1915, governs applications filed in forma pauperis ("IFP") and provides, in relevant part, that leave to proceed IFP may be granted in any suit to a litigant "who submits an affidavit [which demonstrates] that the [litigant] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).[2] Here, the Petition arrived unaccompanied by Petitioner's filing fee or his IFP. Therefore, being construed as a Section 2241 application, it is subject to a non-prejudicial dismissal on the basis of said deficiency.

**2. Dismissal With Prejudice for Lack of Jurisdiction**

However, even if Petitioner submitted his filing fee or his IFP, his Petition – being construed as a Section application – is subject to dismissal with prejudice.

Section 2241 of Title 28 of the United States Code provides in relevant part:

---

[1] The Supreme Court, however, observed that, "while [$ 5] is . . . an 'extremely nominal' sum, if one does not have it and is unable to get it[,] the fee might as well be [$ 500]." Smith v. Bennett, 365 U.S. 708, 712 (1961).

[2] The prisoner's legal obligation to prepay the filing fee or to duly obtain IFP status is automatically incurred by the very act of initiation of his/her legal action. See Hairston v. Gronolsky, 2009 U.S. App. LEXIS 22770, at *5 (3d Cir. Oct. 15, 2009) (citing Hall v. Stone, 170 F.3d 706, 707 (7th Cir. 1999)). If the application to proceed IFP is incomplete, the Court may enter an order denying the application without prejudice and administratively terminating the case; that outcome applies both to civil complaints and habeas petitions.

> The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

As a result of the practical difficulties encountered in hearing a challenge to a federal sentence in the district of confinement rather than the district of sentence, in its 1948 revision of the Judicial Code, Congress established a procedure whereby a federal prisoner might collaterally attack his sentence in the sentencing court.[3] See 28 U.S.C. § 2255; Davis v. United States, 417 U.S. 333, 343-44 (1974); United States v. Hayman, 342 U.S. 205, 219 (1952). Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

---

[3] The addition of 28 U.S.C. § 2255 was deemed necessary because a § 2241 petition must be filed in the district where the prisoner is confined and "the few District courts in whose territorial jurisdiction major federal penal institutions are located were required to handle an inordinate number of habeas corpus actions far from the scene of the facts . . . solely because of the fortuitous concentration of federal prisoners within the district." Hayman, 342 U.S. at 213-14.

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). This is because § 2255 *expressly prohibits* a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective" to test the legality of the petitioner's detention.[4] See 28 U.S.C. § 2255. Specifically, paragraph five of § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255; see Cradle v. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255

---

[4] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." Swain v. Pressley, 430 U.S. 372, 381 (1977).

proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements."[5] Id. at 539.

Since § 2255 is neither inadequate nor ineffective vehicle for Petitioner's challenges to his conviction and/or sentence,

---

[5] The United States Court of Appeals for the Third Circuit has recognized that, under certain very rare situations, a prisoner who cannot satisfy the gate-keeping requirements of § 2255 should be permitted to proceed under § 2241, which has neither a limitations period nor a proscription against filing successive petitions. See Dorsainvil, 119 F.3d at 251. The Dorsainvil exception, which addresses what makes a § 2255 motion "inadequate and ineffective," is satisfied only where petitioner "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." Id. at 251. The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255. Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. Id. at 251-52.

this Court is without jurisdiction to entertain the Petition under § 2241.[6] The Court, therefore, is constrained to dismiss the Petition for lack of jurisdiction, that is, if it is construed as a Section 2241 application. Such dismissal must necessarily be with prejudice, since Petitioner cannot cure the jurisdictional deficiency of his application by re-pleading.

**B. Construction as a Section 2255 Application**

Since Petitioner did not designate the jurisdictional basis of his Petition and did not submit his filing fee or his IFP, this Court cannot rule out the possibility that Petitioner intended the Petition to operate as a Section 2255 application. See Savage v. Zickefoose, 2011 U.S. Dist. LEXIS 59843, at *21 n.8 (D.N.J. May 31, 2011) ("unlike the act of filing a *pleading* - a § 2255 motion, *same as any motion filed in any action*, does not require in forma pauperis status or prepayment of filing fee: being already part of legal actions, *all motions are free of charge*") (emphasis in original).

However, being construed as a Section 2255, the Petition is too subject to dismissal with prejudice, albeit on the bases other than those warranting dismissal under Section 2241.

---

[6] Petitioner's application challenges the criminal complaint filed against him, the sufficiency of evidence presented by the government and the assistance provided by Petitioner's defense counsel. See Docket Entries Nos. 1 and 1-1. All these issues were readily available for Petitioner's challenge by means of a Section 2255 application.

**1. Underlying Criminal Proceedings**

The Petition and Petitioner's accompanying memorandum are silent as to the date of conviction Petitioner challenges; they also did not apprise this Court as to the court where the conviction was rendered and the judge presiding over those criminal proceedings.

The Court's own research filled this informational gap. This District's records indicate as follows:

a. On February 15, 2006, a criminal complaint was filed by the United States against a number of individuals, one of them being Petitioner; that complaint accused Petitioner of being the driver of a get-away vehicle utilized by his co-conspirators who robbed an armored car transporting over $1 million in bank funds, and – in the process of that robbery -- shot and injured an armored services employee. See USA v. Tillman, Crim. Action No. 06-0582 (SRC) (D.N.J.), Docket Entry No. 1.

b. On May 2, 2007, Petitioner pled guilty to the aforesaid armed robbery charges. See id., Docket Entries Nos. 25 and 26. On March 5, 2008, Judge Stanley R. Chesler, presiding over Petitioner's federal prosecution, sentenced him to 140 months of imprisonment and three years of supervised release. See id., Docket Entries Nos. 48 and 49.

c. Next day, that is, on March 6, 2008, Petitioner filed his notice of appeal. See id., Docket Entry No. 47. Half a year later, on November 16, 2008, Petitioner filed a motion for reconsideration addressed to Judge Chesler. See id., Docket Entry No. 67. On January 16, 2009, the United States Court of Appeals for the Third Circuit affirmed Judge Chesler's judgment of conviction and sentence. See Docket Entries Nos. 69 and 70. On March 11, 2009, Judge Chesler denied Petitioner's motion for reconsideration. See id., Docket Entry No. 71.

d. On July 1, 2009, Petitioner filed a Section 2255 motion; that filing gave rise to Tillman v. USA, Civil Action No. 09-3312 (SRC) (D.N.J.). See id., Docket Entry No. 1. Judge Chesler duly advised Petitioner of his rights under United States v. Miller, 197 F.3d 644 (3d Cir. 1999). See id., Docket Entry No. 3. On December 3, 2009, having that motion duly briefed by Petitioner and the government, Judge Chesler denied Petitioner § 2255 relief. See id., Docket Entry No. 12.

e. Fine days later, that is, on December 8, 2009, Petitioner filed his notice of appeal as to that determination. See id., Docket Entry No. 14. On September 17, 2012, the United States Court of Appeals for the Third Circuit denied Petitioner certificate of appealability as to Judge

Chesler's Section 2255 finding. See id., Docket Entry No. 28.

f. The instant habeas matter followed.

**2. The Petition, Being a Section 2255 Motion, Is Untimely**

To start, if the Petition is construed as a Section 2255 motion, it is facially untimely.

A one year statute of limitations applies to claims under 28 U.S.C. § 2255(f). The limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Petitioner's period of limitations was triggered upon expiration of his time to seek certiorari from the United States Supreme Court, that is, ninety days after the Court of Appeals for the Third Circuit affirmed Petitioner's judgment of conviction and imposed sentence. See Kapral v. United States, 166 F.3d 565, 570-71 (3d Cir. 1999). Hence, Petitioner's period

of limitations was triggered around mid-April 2009 and ran out one year later, in mid-April 2010. Therefore, any Section 2255 motion filed after mid-April 2010 is statutorily untimely. Since the Petition at bar was executed on August 16, 2012, see Docket Entry No. 1-1, at 3, and hence could not have been handed by Petitioner to his prison officials for mailing to the Court prior to that date, the Petition – being construed as a § 2255 application – is statutorily untimely by more than two years.

However, the § 2255(f) statute of limitations is not jurisdictional. See Holland v. Florida, 130 S. Ct. 2549, 2552 (2010) (citing Day v. McDonough, 547 U.S. 198, 205, 213 (2006)). When the one year statute of limitations violates principles of equity, the statute can be equitably tolled if the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Id. (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2010)). Therefore, in a typical scenario, a habeas application is not dismissed with prejudice as untimely unless the petitioner was allowed an opportunity to show cause as to why his application should be granted equitable tolling and failed to make a showing warranting this equitable measure. See United States v. Bendolph, 409 F.3d 155, 159-69 (3d Cir. 2005); accord Urcinoli v. Cathel, 546 F.3d 269 (3d Cir. 2008). Hence, had other deficiencies not plagued the Petition, construed as a Section

2255 application, this Court would have issued Petitioner an order to show cause as to the timeliness aspect. Here, however, such order would be superfluous for the reasons detailed below.

**3. The Petition Is a Second/Successive Application**

Petitioner was already advised of his Miller rights when he filed his prior Section 2255 motion in the action dismissed by Judge Chesler. As Judge Chesler explained to Petitioner, before a second or successive § 2255 motion is filed in the district court, every petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the petition on the grounds of either (1) newly-discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense or (2) a new rule of constitutional law made retroactively applicable by the Supreme Court with regard to the matters considered on collateral review. See 28 U.S.C. §§ 2244 (a), 2255.

Here, Petitioner filed his Petition without obtaining leave from the United States Court of Appeals for the Third Circuit. Therefore, this Court is constrained to dismiss the Petition, if construed as a Section 2255 application, for lack of § 2255 jurisdiction. Such dismissal must be with prejudice and should be rendered without issuing Petitioner an order to show cause as to why his application should not be dismissed as untimely.

**4. Transfer to the Court of Appeals Is Unwarranted**

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. Here, it does not appear that transfer of the Petition, construed as an application for leave to file second/successive Section 2255 motion, is in the interest of justice, since the United States Court of Appeals for the Third Circuit, being already presented with Petitioner's appeal from Judge Chesler's dismissal of his original Section 2255 motion, denied Petitioner certificate of appealability. Therefore, this Court will not direct the Clerk to transfer the Petition. However, no statement made in this Opinion or in the Order filed herewith should be construed as preventing Petitioner from seeking leave to file second/successive Section 2255 motion on Petitioner's own.[7]

**5. Certificate of Appealability Will Not Issue**

When a district court issues a final order denying a § 2255 motion, the Court must also decide whether to issue or deny a

---

[7] That being said, no statement made in this Opinion or in the Order filed herewith should be construed as expressing this Court's position that Petitioner's application seeking leave to file a second or successive § 2255 motion, if such application is filed, would be valid (or invalid), either substantively or procedurally.

certificate of appealability ("COA"). See § 2255 R. 11(a). In Slack v. McDaniel, 529 U.S. 473 (2000), the United States Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484. Here, even if this Court were to assume, without making a finding to that effect, that the Petition, construed as a § 2255 application, states a valid claim of the denial of a constitutional right, the Court still concludes that jurists of reason would not find it debatable that the Court was correct in its procedural ruling that the Petition is a jurisdictionally defective motion filed without a proper leave.[8] Hence, a COA will not be issued with respect to the Petition construed as Petitioner's § 2255 motion.

**C. Conclusion**

For the foregoing reasons, the Petition will be dismissed. Being construed as a Section 2241 application, it will be

---

[8] Dismissal of a habeas petition as second/successive is a dismissal on procedural, rather than substantive, grounds. See United States v. Robinson, 467 F. App'x 100 (3d Cir. 2012); United States v. Rodriguez, 327 F. App'x 327 (3d Cir. 2009).

dismissed without prejudice for failure to prepay Petitioner's filing fee and, in addition, with prejudice: on the basis of lack of Section 2241 jurisdiction.

Being construed as a Section 2255 application, it will be dismissed without prejudice, as untimely, and, in addition, with prejudice: on the basis of lack of Section 2255 jurisdiction due to Petitioner's failure to obtain leave from the Court of Appeals allowing him to file a second/successive § 2255 motion. With regard to this construction, no certificate of appealability will issue.

An appropriate Order accompanies this Opinion.

S/Robert B. Kugler
**Robert B. Kugler,**
**United States District Judge**

Dated: January 9, 2013